UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Torasie Fratzke,

       Plaintiff,

vs.

IC System, Inc.,

       Defendant.   Civ. No. 05-1115 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

Tara Monk,

       Plaintiff,

vs.

IC System, Inc.,

       Defendant.   Civ. No. 06-232 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Motions of IC System, Inc. ("ICS") to Consolidate. A Hearing on ICS's Motions was conducted on January 11, 2007, at which time, Torasie Fratzke ("Fratzke"), and Tara Monk ("Monk"), appeared by Andre E. Best, Esq., and ICS appeared by Joshua A. Hasko, Esq.  For reasons which follow, we recommend that ICS's Motions to Consolidate be granted.[1]

## II.  Factual and Procedural Background

These actions arise out of the efforts of ICS to collect a debt, that was incurred by Johnathan Barto ("Barto"), in the purchase of a laptop computer.  At all times relevant to this case, Barto was living in Orr, Minnesota, in a building owned jointly by his aunt, Fratzke, and his mother, Monk.  Fratzke lived in a separate apartment in that building, and Barto occasionally worked at a restaurant, which was also co-owned by Fratzke and Monk, that was located on the ground floor of the building.

In August of 2004, Barto purchased, and financed online, a laptop computer from Dell, Inc. ("Dell").  In his application, Barto listed the building in Orr as his home address, and he provided, as his primary telephone number, Monk's number at her house in Angora, Minnesota.  As secondary contacts, Barto provided the phone

---

[1] In deference to the District Court, we express our ruling as a Report and Recommendation since it impacts upon the Calendars of two District Court Judges, who both properly have a say as to whether these actions should be consolidated.

number of the restaurant in the Orr building, and also the number for Fratzke's apartment in the same building. Barto received the laptop computer from Dell, but failed to make any payments on it, and Dell turned his account over to ICS for collection, in February of 2005. ICS repeatedly attempted to contact Barto at the telephone numbers that he had provided on his application, including the home numbers for Monk and Fratzke. While, initially, Fratzke and Monk told ICS representatives that they would relay the collection message to Barto, eventually both asked to be removed from ICS's call list. See, <u>Affidavit of Andre E. Best</u>, <u>Docket No. 25</u>, Exhibits B-C.

 On June 3, 2005, Fratzke filed a Complaint against ICS, see, <u>Docket No. 1</u>, Civ. No. 05-1115(JRT/RLE)("Fratzke Litigation"), in which she alleged that ICS's repeated telephone calls violated the Fair Debt Collection Practices Act ("FDCPA"), <u>Title 15 U.S.C. §1692, et seq.</u>, as well as invaded her privacy.[2] On January 13, 2006, Monk filed a Complaint against ICS, see, <u>Docket No. 1</u>, Civ. No. 06-232 (PJS/RLE)("Monk Litigation"), which alleged substantively identical claims against ICS. ICS has moved to consolidate the Fratzke and Monk Litigations.

---

[2] Unless otherwise noted, all Docket references are to the Fratzke Litigation, Civ. No. 05-1115 (JRT/RLE).

III. <u>Discussion</u>

A. <u>Standard of Review</u>. Pursuant to Rule 42(a), Federal Rules of Civil Procedure, the Court has broad discretion to consolidate actions "involving a common question of law or fact." See, <u>Chill v. Green Tree Financial Corp.</u>, 181 F.R.D. 398, 405 (D. Minn. 1998), citing <u>Enterprise Bank v. Saettle</u>, 21 F.3d 233, 235 (8th Cir. 1994); <u>United States Environmental Protection Agency v. Green Forest</u>, 921 F.2d 1394, 1402-03 (8th Cir. 1990); <u>EEOC v. Von Maur, Inc.</u>, 237 F.R.D. 195, 197 (S.D. Iowa 2006). Rule 42 requires only that "there be a common question of law or fact," and consolidation is permissible "even if the claims arise out of independent transactions." <u>Madison v. Hennepin County</u>, 2003 WL 21639221 at *1 (D. Minn., July 1, 2003). However, consolidation is not appropriate "if it leads to 'inefficiency, inconvenience, or unfair prejudice to a party,'" <u>EEOC v. Von Maur, Inc.</u>, supra at 197), quoting <u>Johnson v. Manhattan Ry. Co.</u>, 289 U.S. 479, 496 (1933), and <u>EEOC v. HBE Corp.</u>, 135 F.3d 543, 551 (8th Cir. 1998), as the purpose of consolidation is to encourage convenience and economy of administration of cases and avoid unnecessary cost or delay. See, <u>EEOC v. HBE Corp.</u>, supra at 550; <u>Furminator, Inc. v. Ontel Products Corp.</u>, 2006 WL 3827522 at *2 (E.D. Mo., December 28, 2006), citing <u>Enterprise Bank v. Saettle</u>, supra at 325.

In considering a Motion to consolidate, the Court should thoughtfully weigh:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources of common factual and legal issues, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Chill v. Green Tree Financial Corp., supra at 405, citing Cantrell v. GAF, 999 F.2d 1007, 1011 (6th Cir. 1993); Kramer v. Boeing Co., 134 F.R.D. 256, 258-59 (D. Minn. 1991); see also, In re Cree, Inc. Securities Litigation, 219 F.R.D. 369, 371 (M.D.N.C. 2003).

"The party seeking consolidation bears the burden of showing that it would promote judicial convenience, and economy." Powell v. National Football League, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

    B.    <u>Legal Analysis</u>.   ICS argues that the Fratzke and Monk Litigations should be consolidated, since the cases arise out of identical facts, and since the Plaintiffs are closely related, are represented by the same legal counsel, and will rely upon essentially the same witnesses at Trial. In addition, ICS notes that discovery is nearly complete in both actions, and consequently, consolidation would result in no undue delay.

In opposing consolidation, Fratzke and Monk acknowledge that their cases raise similar questions of fact and law. Those commonalities are apparent on a reading of their Complaints, which were drafted by the same attorney, and are substantively identical. Each action is predicated on allegations that, during the same time period, the ICS violated the Fair Debt Collection Practices, Act and invaded the privacy of the respective Plaintiffs, by repeatedly calling their home telephone numbers, and by refusing to cease those calls until each Plaintiff provided information about "Jonathan." The prime distinction, which separates the causes of action, rests in the fact that Fratzke commenced her action nine (9) months before Monk commenced hers. Both Plaintiffs, however, are represented by the same legal counsel, and the same defense counsel also appears in each proceeding.

Notwithstanding the obvious commonalities between the two actions, the Plaintiffs urge that the cases should not be consolidated as they claim, that each Complaint rests on "calls placed to each of these individual plaintiffs, and both Monk and Fratzke's reactions to the collection calls." Plaintiffs' Memorandum in Opposition, Docket No. 24, at p. 8. Since the FDCPA provides for damages, on a sliding scale from $0.00 to $1000.00, based upon the seriousness of the defendant's conduct, as well as any actual damages based upon the plaintiff's proof, see, Title 15

U.S.C. §1692k(a), the Plaintiffs argue that it is unfair to ask a Jury to have to calculate the number of calls in each case in order to determine a fair payment for each Plaintiff.

We see no reason that a well-instructed Jury should have any difficulty in applying a simple formula that assesses the number of telephone calls, which ICS is alleged to have made to each Plaintiff. Indeed, the Plaintiffs concede that many of the same witnesses will be called to testify as to the same or similar facts. The same practices of ICS will be called into question for the Jury's or the Court's resolve. Indeed, it seems likely that, even if not consolidated, each of the Plaintiffs will testify on each other's behalf in the separate proceedings. In addition, in both cases, discovery has been completed, so consolidation should not appreciably delay the final disposition of the actions.

Moreover, in her deposition, Monk admitted that "originally, [Monk and Fratzke] were going to file the lawsuit together," but she explained that she had dropped out of the original suit because she "just wasn't sure that [she] wanted to go through with all the hassle." Deposition of Monk, Docket No. 25-4, at p. 40, lines 8-16. When asked by ICS's attorney why she had changed her mind, Monk stated that she had decided to file her own, separate lawsuit, because she was "angry." Id. at line

18. The fact that the Plaintiffs originally planned to file a joint lawsuit is a factor that weighs distinctly in our conclusion that the Plaintiffs do not face any real danger of prejudice from a consolidation of the actions.

The Plaintiffs concede that consolidation would benefit judicial economy, and we agree. Overall, the factors we have previously identified -- consistency in results, a markedly lessened burden upon the witnesses, upon judicial resources, and upon the Court -- counsels a single Trial. We are appreciative of the Plaintiffs' concern, that a Jury will not be able to compartmentalize the claims of one Plaintiff as opposed to the other, but realistically, the concern is largely illusory. Through Jury Instructions, and a properly drafted Special Verdict form, the Court, and counsel, can assure that no Jury confusion will arise, and that expectation is realistic, given the small number of Plaintiffs, and the fairly succinct factual Record that will be submitted to the Jury in a combined action.

In sum, we find no prejudice to either party through a consolidation of these actions for Trial, whereas, requiring separate Trials will unduly burden the parties, the Court, the witnesses, and the Juries, and will generate needless added expense, inconvenience, and cost. Accordingly, we recommend the consolidation of these actions for Trial.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendant's Motion to Consolidate [Civ. No. 05-1115, Docket No.18; Civ. No. 06-232, Docket No. 28] be granted.

Dated:  March 13, 2007                                  *s/Raymond L. Erickson*
                                                        Raymond L. Erickson
                                                        CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 30, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than March 30, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.